# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# AT MARTINSBURG

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                           **Criminal Action 3:05CR68-5**
                                                        **(BROADWATER)**

**GEORGE CARTER,**

    **Defendant.**

## ORDER ON DEFENDANT'S MOTION
## TO REVOKE OR AMEND DETENTION ORDER

On this day the above styled matter came before the court for consideration of defendant George Carter's Motion to Revoke or Amend Detention Order, filed on January 18, 2006.[1] The defendant's motion seeks to have the District Court reconsider the Magistrate Judge's order of December 19, 2005, revoking his pretrial release under 18 U.S.C. §3145.[2] The United States entered a response to the defendant's motion on January 19, 2006.[3]

In accordance with 18 U.S.C. §3154, the court has conducted a review of the Magistrate Judge's decision setting conditions of pretrial release, including review of audio recordings of the defendant's September 28, 2005 appearance before the Magistrate Judge and review of a written transcript of the December 16, 2005 revocation hearing.

---

[1] Document No. 213

[2] Document No. 182

[3] Document No. 215

## Procedural History

George Carter was named in two counts of a 26 count indictment field on September 22, 2005. Carter is charged with a weapons violation and conspiracy involving the use of firearms in a drug trafficking crime. At his Initial Appearance on September 28, 2005, the defendant was released on $15, 000 Personal Recognizance Bond under the standard terms of supervision for this court.

On November 17, 2005, the Probation Officer submitted a petition to revoke the defendant's pretrial release. The petition alleged that Mr. Carter failed to contact the Probation Office in any manner since his initial release on bond. Mr. Carter reportedly failed to report on multiple occasions, in violation of the instructions provided by his Probation Officer on September 28, 2005, and in violation of Condition 4 of the terms of his pretrial release.[4] A warrant was issued for Carter's arrest.

After Mr. Carter failed to appear for a court proceeding on December 13, 2005, in violation of the terms of his pretrial release, and the Magistrate Judge issued a second warrant for his arrest.[5]

The defendant was arrested on December 16, 2005. At a hearing on that date the parties presented evidence and the Magistrate Judge found that the defendant violated the terms of his supervised release by failing to make multiple required reports and appearances before the court.

## Discussion

The court finds no reason to differ with the Magistrate's finding that the initial standard

---

[4] Condition 4, "The defendant promises to report as directed by your supervising officer."

[5] Condition 3, "The defendant shall appear at all proceedings as required . . . ."

conditions of release applied to the defendant's pretrial release on September 28, 2005, were proper and necessary to meet the purposes of 18 U.S.C. §3142.

At the December 16, 2006 revocation hearing, defendant George Carter, proffered through his attorney, that he did not appear for his December 13, 2005 hearing because he was confused by notice he received from his attorney indicating that his trial had been continued. Mr. Carter reportedly thought that the scheduled pretrial conference would be continued as well.

In response to allegations that he failed to report to the Probation Officer as required, Mr. Carter indicated that he was dealing with his elderly mother and did not have time to honor his obligations to report to the Probation Officer. Probation Officer Kenneth Reid reported to the court that Mr. Carter never contacted the probation office at all once he was released on bond. Mr. Reid further reported that Mr. Carter had been instructed to report by telephone weekly and to report in person monthly, but failed to do so.

In his motion the defendant argues that the Magistrate Judge's subsequent revocation of his pretrial release should be revoked or amended due to his assertion that he is now "clean" and he needs to help care for his elderly mother.

Based upon a review of the prior proceedings and the defendant's motion, the court finds that in accord with 18 U.S.C. §3148, there is clear and convincing evidence that the defendant:

1) failed to report to his probation officer as directed, in violation of Condition 4 of the terms of his pretrial release; and

2) failed to appear for a scheduled status conference on December 13, 2005, in violation of Condition 3 of the terms of his supervised release.

The court further finds that because the defendant has failed to abide by the elementary requirements of his previous pretrial release, the defendant is unlikely to abide by any condition

or combination of conditions of release.

## Decision

Upon review, the Magistrate's order of December 19, 2005, revoking the defendant's pretrial release and remanding George Carter to the custody of the United States Marshals Service is affirmed. Accordingly, the defendant's Motion to Revoke or Amend Detention Order is **DENIED**.

The clerk is directed to transmit true copies of this order to the defendant and all counsel of record in this matter.

It is so **ORDERED**.

Entered this 31st day of January, 2006.

_____
W. CRAIG BROADWATER
UNITED STATES DISTRICT JUDGE